IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WILLIAM C. HOLLEY and )<br>JOSEPH E. FUNK, JR., )<br>)<br>Defendants. ) | Crim. No. 08-138-SLR |

**MEMORANDUM ORDER**

At Wilmington this 19th day of February, 2009, having considered defendant Funk's motion to dismiss counts one and eighteen of the indictment and the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 21) is denied for the reasons that follow.

1. On September 2, 2008 defendants Joseph E. Funk, Jr. ("Funk") and William C. Holley ("Holley") were indicted by a grand jury for various types of financial fraud related to positions as President (Holley) and Vice President (Funk) of Holley Enterprises, Inc. ("HEI"), a Delaware-based demolition company. (D.I. 2) Specifically, Funk was charged with one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (count one), one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343 & 1349 (count eighteen) and nine counts of making a false statement to an ERISA plan, in violation of 18 U.S.C. § 1027 (counts nineteen through twenty-seven). Funk filed a motion to dismiss arguing that count one fails to

provide the notice required by the Sixth Amendment and Fed. R. Crim. P. 7(c)(1) because the substantive offenses alleged to be the objects of the conspiracy are not listed. He moves to dismiss counts one and eighteen based on multiplicity, e.g., charging the same offense in more than one count in the indictment. Funk challenges count eighteen as duplicitous because two offenses are charged in a single count of the indictment.

2. **Notice.** An indictment must be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment must set forth each element of the crime charged. *Almendarez-Torrres v. United States*, 523 U.S. 224, 228 (1998). The standard for testing the sufficiency of an indictment is whether the indictment contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend. *United States v. Bailey*, 444 U.S. 394 (1980).

3. In analyzing a motion to dismiss an indictment under Rule 12(b), the court must accept as true the facts alleged in the indictment to determine if those facts constitute a violation of the law under which a defendant is charged. *United States v. Stewart*, 955 F. Supp. 385, 386 (E.D. Pa. 1997); *United States v. Besmajian*, 910 F.2d 1153, 1154 (3d Cir. 1990). If the facts alleged do not constitute a violation of federal law, the charges should be dismissed. *Stewart*, 955 F. Supp. 386; *United States v. Panarella*, 277 F.3d 678, 685 (3d Cir. 2002). However, such dismissals may not be predicated upon the insufficiency of the evidence to prove the indictment's charges. *United States v. DeLaurentis*, 230 F. 3d 659, 660 (3d Cir. 200). The sole function of a

motion to dismiss is to test the sufficiency of the indictment to charge an offense and it is not a device for the summary trial of evidence. *United States v. Sampson*, 371 U.S. 75, 83 (1962).

    4. Count one charges a violation of 18 U.S.C. § 371, which provides:

> If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any matter or for any purpose, and two or more of such persons do any act to effect the object of the conspiracy, each shall be [subject to criminal penalties].

    5. This section refers to two types of conspiracies: (1) conspiracy to commit a substantive offense prohibited by another statute (the offense clause); and (2) conspiracy to defraud the United States (the defraud clause). *United States v. Alston*, 77 F.3d 713, 718 (3d Cir. 1995). "While the 'offense' clause requires reference to another part of the criminal code, the 'defraud clause does not, simply because the substantive offense (fraud) is contained in the statute itself." *Alston*, 77 F.3d at 718.

    6. Considering count one against the above statute and authority, the court finds adequate facts relating to the essential elements of the crime charged with sufficient particularity. No additional reference to the another part of the criminal code is required.

    7. **Multiplicity.** Multiplicity is charging a single offense in different counts of an indictment; i.e., an indictment that charges a single offense in several counts is multiplicitous. *Geberding v. United States*, 471 F.2d 55, 58 (8th Cir. 1973). Multiplicity may prejudice a defendant by resulting in multiple sentences for a single offense in violation of double jeopardy. *United States v. Pollen*, 978 F.2d 78, 85 (3d Cir. 1992).

However, the Supreme Court has concluded that if "an act violates more than one criminal statute, the government may prosecute under either so long as it does not discriminate against any class of defendants." *United States v. Batchelder*, 442 U.S. 114, 123-124 (1979). "It is not uncommon that federal criminal statutes partially overlap" allowing prosecutors to bring charges under either statute. *Id.*

8. In light of this authority, the court cannot conclude that counts one and eighteen of the indictment are multiplicitous. The incorporation by reference of factual allegations of the conspiracy count into the substantive counts does not constitute multiplicity. *United States v. Serino*, 835 F.2d 924, 930 (1st Cir. 1987). Count one (conspiracy to defraud the United States) and count eighteen (conspiracy to commit wire fraud) implicate separate statutory provisions and the facts necessary to one are not necessary to the other. Moreover, the statutes charged require distinct conduct that is sufficiently tracked in the indictment.

9. **Duplicity**. Duplicity is the "joining of two or more distinct offenses in a single count, so that a general verdict does not reveal exactly which crimes the jury found the defendant had committed." *United States v. Gomberg*, 715 F.2d 843, 845 (3d Cir. 1983) (*overruled on other grounds, Garrett v. United States*, 471 U.S. 773 (1985)). A duplicitous indictment can also compromise a defendant's Sixth Amendment right to know the charges filed against him and create prejudicial evidentiary issues at trial. *United States v. Hinton*, 127 F. Supp.2d 548, 553 (D. N.J. 2000) (*vacated and remanded for resentencing only*, 65 Fed. Appx. 764 (3d Cir. 2003)). In determining whether an indictment is duplicitous, the court's review is constrained and "the task is

not to review evidence . . . to determine whether it would support charging several crimes rather than just one, but rather to solely assess whether the indictment itself can be read to charge only one violation in each count." *United States v. Sourlis*, 953 F. Supp. 568, 572 (D. N.J. 1996).

    10. Count eighteen sets forth the allegations related to conspiracy to commit wire fraud. (D.I. 2 ¶¶ 20-26) Included therein is a charging paragraph, ¶ 26, which specifically charges only one offense and the sections referencing incorporating paragraphs provide factual allegations to the count. The count provides sufficient notice of the nature of the offenses charged and does not prejudice Funk.

                                                                _____
                                                                 United States District Judge